JUAN LIN, Petitioner,

v.

Michael B. MUKASEY, U.S. Attorney General, Respondent.

No. 07–5593–ag.

United States Court of Appeals,
Second Circuit.

Oct. 1, 2008.

Michael Brown, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Leslie McKay, Senior Litigation Counsel; Kelly J. Walls, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT A. KATZMANN, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Juan Lin, a native and citizen of the People's Republic of China, seeks review of the November 21, 2007 order of the BIA denying her motion to reopen. *In re Juan Lin,* No. A78 848 852 (B.I.A. Nov. 21, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

We conclude that the BIA did not abuse its discretion in denying Lin's motion to reopen. It is undisputed that Lin's motion was untimely. *See* 8 C.F.R. § 1003.2(c)(2). The BIA also properly found that Lin's motion did not qualify for the changed country conditions exception to the time limitation. *See* 8 C.F.R. § 1003.2(c)(3)(ii). While Lin argued in her motion to reopen that the birth of her two children was previously unavailable evidence, the birth of U.S. citizen children constitutes a change in personal circumstances and is not evidence of changed conditions in China. *See Li Yong Zheng v.*

*U.S. Dep't of Justice,* 416 F.3d 129, 130–31 (2d Cir.2005).

On appeal, Lin argues that the BIA erred by giving no weight to a notice she submitted from the Yingqian Village Committee and by failing to articulate her evidentiary burden. However, the BIA provided three independent reasons for why it gave the notice diminished weight: (1) the notice was unduly vague; (2) a letter from Lin's father omitted any reference to the notice despite the fact that the notice was addressed to him; and (3) the IJ's adverse credibility determination in the underlying proceeding "casts doubt" on the authenticity of the notice. Because the weight afforded to evidence is generally left to the agency's discretion, we find no error in the BIA's decision to accord the notice no probative value. *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 342 (2d Cir.2006). Moreover, the BIA properly took note of the IJ's prior adverse credibility determination in evaluating the evidence Lin submitted with her motion. *See Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 147 (2d Cir.2007); *see also Kaur,* 413 F.3d at 234. Finally, there is no merit to Lin's argument that the BIA failed to articulate the correct evidentiary burden where the BIA devoted an entire paragraph to discussing what an applicant must demonstrate in order to prevail on an untimely motion to reopen and where it cited to 8 C.F.R. § 1003.2(c)(3).[1]

For the foregoing reasons, the petition for review is DENIED. Any pending motion for a stay of removal in this petition is DISMISSED as moot.

---

1. The BIA also denied Lin's motion as a matter of discretion. However, we need not reach that part of the BIA's decision where its other findings alone were sufficient. *See INS v. Abudu,* 485 U.S. 94, 104–105, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).